UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GRABILL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KELLY & CATHY, LLC, CUSTOM | ) |
| GOLF OF NEW HAVEN, INC. KELLY A. | ) |
| METTERT, CATHY A. METTERT, and | ) |
| SMALL BUSINESS ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) CAUSE NO. 1:10-cv-00011-JD |
| SMALL BUSINESS ADMINISTRATION, | ) |
| | ) |
| Cross/Counter Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GRABILL BANK, | ) |
| | ) |
| Counter Defendant, | ) |
| | ) |
| KELLY & CATHY, LLC, CUSTOM | ) |
| GOLF OF NEW HAVEN, INC., | ) |
| KELLY A. METTERT, and CATHY A. | ) |
| METTERT, | ) |
| | ) |
| Cross Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff/Counter-Defendant Grabill Bank's Motion for Summary Judgment on its Complaint [DE 34], and Defendant/Cross-Plaintiff/Counter-Plaintiff Small Business Administration's Motion for Summary Judgment on its Counterclaim/ Crossclaim. [DE 37]. For the reasons set forth below, Grabill Bank's Motion for Summary

Judgment on its Complaint is hereby **GRANTED**, and the Small Business Administration's Motion for Summary Judgment on its Crossclaim/Counterclaim is hereby **GRANTED**.

**I.     PROCEDURAL HISTORY**

On December 29, 2009, Grabill Bank brought suit against its debtor, Kelly & Cathy, LLC, in Allen Circuit Court, alleging that Kelly & Cathy, LLC defaulted on a promissory note to Grabill Bank and that the note was now due. [DE 1, Compl. ¶¶ 1, 4]. Grabill Bank also brought suit against Kelly and Cathy Mettert, individually as the owners of Kelly & Cathy, LLC; Custom Golf of New Haven, Inc., the tenant of Kelly & Cathy, LLC; and, the Small Business Administration (hereafter "SBA" or "United States of America"), another creditor of Kelly & Cathy, LLC. [DE 1, Compl. ¶¶ 1, 3, 8, 10]. SBA removed the case to federal court on January 14, 2010, pursuant to 28 U.S.C. §§ 1444 and 1446, on the basis that the case was, in part, a civil action for mortgage foreclosure in which the United States of America had an interest by virtue of its note and mortgage. [DE 2].

On March 16, 2010, the United States of America on behalf of SBA filed a Crossclaim against Kelly & Cathy, LLC, Kelly A. Mettert, Cathy A. Mettert, and Custom Golf of New Haven, Inc., and filed a Counterclaim against Grabill Bank alleging that Kelly & Cathy, LLC, also defaulted on a promissory note to SBA and that the note was now due. [DE 15]. Kelly & Cathy, LLC, Kelly A. Mettert, Cathy A. Mettert, and Custom Golf of New Haven, Inc. filed Answers to Grabill Bank's Complaint and SBA's Crossclaim on February 23, 2010 [DE 11] and April 7, 2010 [DE 24], respectively. In their Answers, they admitted that Kelly & Cathy, LLC, had defaulted on its promissory notes to Grabill Bank and SBA and that the notes were now due. [DE 11; DE 24].

2

Grabill Bank moved for Summary Judgment on its Complaint on June 18, 2010. [DE 34]. The United States of America on behalf of SBA moved for Summary Judgment on its Crossclaim and Counterclaim on July 13, 2010. [DE 37]. Despite proper notice given to their counsel, Kelly & Cathy LLC, Kelly A. Mettert, Cathy A. Mettert, and Golf of New Haven, Inc., did not contest or respond to either Motion for Summary Judgment. As a result, both Motions for Summary Judgment are ripe for ruling.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper—even mandated. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element "necessarily renders all other facts immaterial") (quoting *Celotex*, 477 U.S. at 322-23).

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 583 (7th Cir. 1994). A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770; *Waldridge*, 24 F.3d

at 920. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

**III. FACTS**

The Court, having considered the Motion for Summary Judgment filed by Grabill Bank and the Motion for Summary Judgment filed by the United States of America, together with the pleadings, affidavits, exhibits on file, and the non-responsiveness of the Defendants, finds the following facts to be undisputed:

On April 14, 2003, Kelly & Cathy, LLC, executed a promissory note payable to Grabill Bank in the amount of $307,000.00. [DE 34-1, Crum Aff. ¶ 5, Exb. 1]. On the same day, Defendant Kelly & Cathy, LLC executed another promissory note payable to Community Development Corporation of Fort Wayne (CDC) in the amount of $255,000.00. [DE 15-1, Exb. A; DE 38-3, Gesell Decl. ¶ 3].

At the time that these promissory notes were executed, Kelly & Cathy, LLC, was the owner of property located at 10433 Paulding Road, New Haven, Indiana. [DE 11, ¶ 2; DE 24, ¶ 2; DE 34-1, Crum Aff. ¶ 7, Exb. 2]. Custom Golf of New Haven, Inc. was the operating company of Kelly & Cathy, LLC, and was the tenant on this property. [DE 15-1, Exbs. A, E]. To secure the payment of the notes executed on April 14, Kelly & Cathy, LLC executed mortgages on the property that consisted of one mortgage to Grabill Bank [DE 34-1, Crum Aff. ¶ 7, Exb. 3], and one mortgage to CDC [DE 15-1, Exb. C]. The mortgage given to Grabill Bank was recorded in the Office of the Recorder of Allen County, Indiana, on April 14, 2003, as document number 203037466. [DE 34-1, Crum Aff. ¶ 7, Exb. 3]. The mortgage given to CDC was recorded in the Office of the Recorder of Allen County, Indiana, on April 14, 2003, as

document number 203037468. [DE 15-1, Exb. C].

To further secure the promissory notes, Kelly & Cathy, LLC executed an assignment of rents and leases to both Grabill Bank and CDC. The assignment of rents and leases executed in favor of Grabill Bank was recorded in the Office of the Recorder of Allen County on April 14, 2003, as document number 203037467. [DE 34-1, Crum Aff. ¶ 10, Exb. 6]. The assignment of rents and leases executed on the same property in favor of CDC was recorded in the Office of the Recorder of Allen County, on the same day, that is, April 14, 2003, as document number 203037470. [DE 15-1, Exb. E].

In addition, the Grabill Bank loan was secured by the personal guarantees of Kelly and Cathy Mettert, individually. [DE 34-1, Crum Aff. ¶¶ 8-9, Exbs. 4, 5]. The CDC loan was also secured by the personal guarantees of Kelly and Cathy Mettert, individually, and was secured by the guarantee of Custom Golf of New Haven, Inc. [DE 15-1, Exbs. G, H, I; DE 38-3, Gesell Decl. ¶ 4]. Subsequently, the promissory note, the mortgage, the assignment of leases and rents, and the unconditional guarantee agreements between CDC and the Defendants were all assigned to SBA. [DE 15-1, Exbs. B, D, F, J; DE 38-3, Gesell Decl. ¶ 5].

The promissory note issued by Kelly & Cathy, LLC to Grabill Bank has been delinquent and unpaid since December 14, 2009. [DE 1, Compl. ¶ 1; DE 11, Ans. ¶ 1]. Grabill Bank's note and mortgage provided that upon default by Kelly & Cathy, LLC, the entire principal sum and accrued interest shall at once become due at the option of the bank. [DE 1, Compl. ¶ 4; DE 11, Ans. ¶ 4]. Because of the delinquency and defaults, Grabill Bank elected to declare all of the mortgage debt due and payable. *Id*.

Kelly & Cathy, LLC also defaulted in regard to its obligations to SBA by failing to make

certain payments on the SBA loan. [DE 38-3, Gesell Decl. ¶¶ 6, 7]. The entire debt of Kelly & Cathy, LLC, Custom Golf of New Haven, Inc., Kelly A. Mettert, and Cathy A. Mettert, jointly and severally, is now due to SBA, as well. *Id*.

The liens of Grabill Bank are superior to those of SBA, except that any late charges in Grabill Bank's judgment are subordinate to the mortgage of SBA. [DE 34-1, Crum Aff. ¶ 11].

Defendants Kelly & Cathy, LLC, Custom Golf of New Haven, Inc., Kelly A. Mettert, and Cathy A. Mettert (hereafter "Defendants") admitted that their payment on the promissory notes are delinquent and that the balances are due to Grabill Bank and SBA. [DE 11; DE 24]. Defendants further admitted that both promissory notes were secured by a mortgage on the property located at 10433 Paulding Road, New Haven, Indiana; that an assignment of rents and leases was executed on the same property to Grabill Bank and SBA; that a personal guarantee was given to Grabill Bank and SBA by Kelly and Cathy Mettert, individually; and that the promissory note to SBA was also secured by a guarantee from Custom Golf of New Haven, Inc. *Id*. The Defendants further acknowledged in their Answers to having insufficient information to admit or deny the precise dollar amount owed to Grabill Bank and SBA. *Id*. The Defendants did not contest the Motions for Summary Judgment or come forward with specific facts showing that there is a genuine issue for trial.

After moving for summary judgment, Grabill Bank and SBA submitted a proposed order on summary judgment to the Court. As incorporated herein, Grabill Bank and SBA agreed on the material facts set forth above.

**IV.   DISCUSSION**

If a party fails to properly support an assertion of fact or fails to properly address another

party's assertion of fact as required by Rule 56(e), the court may: . . . (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2), (e)(3). Because Defendants have failed to produce any facts or evidence to contradict the claims of Grabill Bank and SBA, the Court finds that there is no genuine dispute as to any material fact, and summary judgment is proper.

Moreover, because Grabill Bank and SBA have agreed to the facts of this case as enumerated and independently verified by the Court based on the parties' filings, the Court enters the agreed upon judgment as follows:

1. That there is no genuine issue as to any material facts alleged in Grabill Bank's Complaint, and that Grabill Bank is entitled to a judgment as a matter of law.

2. That there is no genuine issue as to any material facts alleged in the United States of America's Cross/Counter Complaint, and that the United States of America is entitled to a judgment as a matter of law.

3. That the Defendants, Kelly & Cathy, LLC, Kelly A. Mettert, and Cathy A. Mettert, are indebted to the Plaintiff, Grabill Bank, on the note, mortgage, and personal guarantees sued upon, in the following amount:

| | |
|---|---|
| Principal | $257,559.82 |
| Interest | $28,775.64 |
| Late Charges | $3,532.00 |
| Appraisal and Title Searches as of May 24, 2010 | $2,700.00 |
| Real Estate Taxes and Penalty Paid by Grabill Bank | $24,349.97 |
| Real Estate Taxes which have accrued but are not yet payable | $9,159.56 |
| Legal Expenses as of May 31, 2010 | $15,278.26 |
| **Total** | **$341,355.25** |

For a total sum of $341,355.25 plus accruing interest at the rate of $48.27 per day from May 24, 2010, until the judgment is duly entered, together with costs, and with judgment to bear interest at the rate of eight percent (8%) per annum until paid, plus additional attorney fees, expenses and real estate taxes accrued or paid prior to the Sheriff's sale, all without relief from valuation or appraisement laws.

4. That Plaintiff Grabill Bank is entitled to judgment on its note, the guarantees of Kelly A. Mettert and Cathy A. Mettert, and to the foreclosure of its mortgage as against all of said Defendants, and all persons claiming under and through them, and that the lien of Plaintiff is superior to all other liens and claims, excepting the Late Charges in the sum of $3,532.00 in Grabill Bank's judgment, which sum is subordinate to the mortgage of the United States of America.

5. That on April 14, 2003, the Defendant Kelly & Cathy, LLC executed an assignment of rents to Grabill Bank as further security for its note and all unpaid rents owed by Custom Golf of New Haven, Inc. and hereinafter are to be paid to the Clerk of the Court to be applied to the judgment of Grabill Bank.

6. That the Defendants, Kelly & Cathy, LLC, Kelly A. Mettert, Cathy A. Mettert, and Custom Golf of New Haven, Inc. are indebted to the United States of America, on the note, mortgage, and guarantees sued upon, in the following amount:

| | |
|---|---|
| Principal | $197,626.86 |
| Interest as of July 7, 2010 | $   7,064.98 |
| **Total** | **$204,691.84** |

For a total sum of $204,691.84 plus accruing interest at the rate of $25.50 per day from July 7, 2010, until judgment is duly entered and interest thereafter pursuant to law.

7. That the United States of America is entitled to a judgment on its note; the guarantees of Kelly A. Mettert, Cathy A. Mettert, and Custom Golf of New Haven, Inc.; and the foreclosure of its mortgage as against all of said Defendants, and all persons claiming under and thru them, and that the lien of the United States of America is superior to all other liens and claims excepting the judgment of Grabill Bank (excepting Late Charges).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

A. That the Plaintiff, Grabill Bank, be, and it is granted a judgment against the Defendants, Kelly & Cathy, LLC, Kelly A. Mettert, and Cathy A. Mettert, jointly and severally, in the sum of $341,355.25, plus interest at the rate of $48.27 per day from May 24, 2010, until the judgment is duly entered, together with costs, and with the judgment to bear interest at the rate of eight percent (8%) per annum until paid, all without relief from valuation and appraisement laws.  Without limitation of said judgment, Plaintiff may petition for and receive additur for the sum of the amount advanced by the Plaintiff after May 24, 2010 through the date of the Sheriff's sale for real estate taxes paid or which become a lien on the real estate, insurance, utility expenses, assessments, property maintenance, all other sums advanced by the Plaintiff to preserve the real estate described herein, and all additional attorney fees incurred beyond the normal and customary fees of completing the Sheriff's sale.  A Petition for Additur shall particularize the additional sums which Plaintiff advances and shall be filed in this Court not less than twenty (20) days prior to sale with notice to all parties appearing of record and to

the Sheriff of Allen County. An Order for Additur shall add said sum to the judgment entered herein and authorize the Plaintiff to bid the total of sums so particularized in addition to the judgment ordered this date. Objections to the Order of Additur shall be barred unless filed with the Court within seven (7) days prior to the Sheriff's sale. The Clerk shall escrow any sums subject to the Order of Additur to which objections have been filed, which sums shall be subject to the Court's review within thirty (30) days after the sale and be subject to the final Order of the Court. Upon receipt of such final Order, the Clerk shall thereafter release the sums subject to the Order of Additur, to the party entitled thereto.

B. That the mortgage of Plaintiff Grabill Bank be, and it hereby is, foreclosed as first and prior lien to the extent of its judgment less Late Charges ($3,532.00) plus interest and the claims and the equity of redemption of all Defendants and all persons claiming under and through them hereby are foreclosed on the following described real property located in Allen County, Indiana, commonly known as 10433 Paulding Road, New Haven, Indiana, 46774. *See* Legal Description attached as Exhibit A, at DE 1 at 7 and DE 15-1 at 12.

C. That the United States of America be and it is granted a judgment against the Defendants Kelly & Cathy LLC, Kelly A. Mettert, Cathy A. Mettert, and Custom Golf of New Haven, Inc., jointly and severally, in the sum of $204,691.84 plus accruing interest at the rate of $25.50 per day from July 7, 2010, until judgment is duly entered herein and at the statutory rate thereafter.

D. That the mortgage of the United States of America be, and it hereby is, foreclosed as a second lien on the real estate described hereinabove and the equity of redemption of all Defendants and all persons claiming under and through them hereby are foreclosed.

E. That the mortgaged property shall be sold by the Sheriff of Allen County to satisfy the amounts found to be due Grabill Bank and the United States of America as soon as the said sale can be had under the laws of this jurisdiction governing the sale of the mortgaged property; and a proper deed or deeds be issued according to law to the purchaser or purchasers at such sale or sales; that the Plaintiffs be, and hereby are, empowered to bid for the said mortgaged property or any part thereof with the indebtedness due the Plaintiffs.

F. That the proceeds arising from said sale shall be applied as follows:
    a. to the payment of all costs accrued in this case and the costs of said sale;
    b. to all real estate taxes due and owing for which the payment due date has passed as of the date of the Sheriff's sale;
    c. to payment of the judgment due Plaintiff, Grabill Bank, set forth in Paragraph A hereinabove (excepting Late Charges);
    d. to payment of the judgment due the United States of America set forth in Paragraph C hereinabove;
    e. to the payment of Late Charges in the sum of $3,532.00 plus interest thereon to the Plaintiff, Grabill Bank;
    f. if the proceeds are sufficient to pay the amounts set forth above, the

surplus, if any, shall be paid to the Clerk of Federal Court for the Northern District of Indiana, Fort Wayne Division to be disposed of as directed by the Court.

G. That in the event the proceeds of said sale are insufficient to pay the judgment of Plaintiff, Grabill Bank, in full, the unpaid balance of such judgment shall remain as a personal judgment against Defendants, Kelly & Cathy, LLC, Kelly A. Mettert, and Cathy A. Mettert. If the proceeds are insufficient to pay the judgment of the United States of America in full, the balance shall remain as a personal judgment against Kelly & Cathy, LLC, Kelly A. Mettert, Cathy A. Mettert, and Custom Golf of New Haven, Inc.

H. That upon execution by the Sheriff of a deed of conveyance of the real estate sold hereunder, any person(s) who may be in possession of the real estate, or any part thereof, upon demand and exhibition of said Sheriff's Deed, or a true copy thereof, shall forthwith surrender the real estate to the holder of such deed; and, in the event such person(s) so in possession shall refuse to fully and peacefully surrender possession, the Sheriff of Allen County shall forthwith vacate the real estate and give full peaceful possession thereof to the purchasers under said Sheriff's sale.

I. That the Defendant, United States of America, shall have its rights of redemption pursuant to 28 U.S.C. § 2410(c).

J. That the Defendant, Custom Golf of New Haven, Inc., is hereby ordered to remit, pending the Sheriff's sale, all rents owed to Kelly & Cathy, LLC to the Clerk of the Federal Court for the Northern District of Indiana, which shall be credited to the judgment entered against Kelly & Cathy, LLC, Kelly A. Mettert, and Cathy A. Mettert in favor of Grabill Bank.

K. A duly certified copy of this judgment under the hand of the Clerk of Court and the seal of this Court shall be sufficient authority for the Sheriff to execute the same.

V. **CONCLUSION**

There is no genuine dispute as to any material fact relative to Grabill Bank's claims against Defendants Kelly & Cathy, LLC, Kelly A. Mettert, Cathy A. Mettert, Custom Golf of New Haven, Inc., and SBA, and therefore, Grabill Bank's Motion for Summary Judgment is **GRANTED**. There is also no genuine dispute as to any material fact relative to Cross/Counter Plaintiff SBA's Cross/Counterclaims against Kelly & Cathy, LLC, Kelly A. Mettert, Cathy A. Mettert, Custom Golf of New Haven, Inc., and Grabill Bank, and therefore, SBA's Motion for

Summary Judgment is **GRANTED**.

>SO ORDERED.

>ENTERED:   February 25, 2011

>>/s/ JON E. DEGUILIO
>>Judge
>>United States District Court